D/EN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REGINALD ANTHONY FALICE, | ) |
| | ) **COMPLAINT** |
| | ) |
| and | ) |
| | ) |
| WILLIE L. COVINGTON, in his | ) |
| Official Capacity as DURHAM COUNTY | ) **1:04CV00878** |
| REGISTER OF DEEDS, | ) |
| | ) |
| Defendants. | ) |

FILED
SEP 28 2004
IN THE OFFICE
Clerk, U.S. District Court
Greensboro, N.C.
By.............

NOW COMES the Plaintiff, United States of America, through Anna Mills Wagoner,

United States Attorney for the Middle District of North Carolina, and brings this action pursuant

to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the All Writs Act, 28 U.S.C. §

1651, requesting:

(1) that the fraudulent UCC Financing Statement (Government Exhibit (GE) A), and any

associated or related documents, filed by Defendant Reginald Anthony Falice in the office of the

Register of Deeds, Durham County, North Carolina, on July 20, 2004, recorded in Book 4474 on

pages 272-292, and labeled Instrument # 2004037694, (hereinafter "False UCC Financing

Statement"), be declared invalid and that Defendant Reginald Anthony Falice who prepared,

executed and filed the "False UCC Financing Statement" be declared to have engaged in

misconduct with the purpose of harassing and annoying officers and employees of the United

States of America;

(2) that the invalid "False UCC Financing Statement" purporting to create a fictitious obligation already filed against officers and employees of the United States be discharged, expunged, and otherwise marked as having no legal effect;

(3) that Defendant Falice be permanently enjoined from preparing and filing, without prior judicial approval, UCC Financing Statements, liens and documents purporting to create an obligation against officers and employees of the United States of America; and

(4) that the Federal and North Carolina Clerks of Court and North Carolina County Registers of Deeds be enjoined from filing such liens and documents prepared or filed by Defendant Falice purporting to create a fictitious obligation.

## Jurisdiction and Venue

1. The United States of America brings this action pursuant to 28 U.S.C. §§ 2201-2202 and 28 U.S.C. § 1651. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1345.

2. Because a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of the action is situated in this district, this Court has jurisdiction to hear this action, and venue here is proper pursuant to 28 U.S.C. § 1391(b)(2).

3. The United States has an interest in protecting its officers, officials, and employees from convicted criminal defendants who file frivolous liens lacking any factual or legal basis for the sole purpose of intimidation and harassment. In fact, "[i]t is now established beyond dispute that the United States may request the assistance of Article III courts to protect its officials from attempts at harassment, intimidation, and extortion in the form of 'liens' commonly filed by tax

2

protesters and prisoners." <u>United States v. Barker</u>, 19 F. Supp. 2d 1380, 1383 (S.D. Ga. 1998).

## Parties

4. Defendant Reginald Anthony Falice is currently an inmate at USP Lee, Jonesville, Virginia, a Federal Bureau of Prisons facility. Defendant Falice was convicted of interstate domestic violence resulting in bodily injury and death, in violation of 18 U.S.C. §§ 2261(a), 2261(b) and 2266, and using or carrying a firearm during and in relation to murder, in violation of 18 U.S.C. §§ 924(c)(1), 924(j), and 1111, in the United States District Court for the Western District of North Carolina, in case No. 3:98CR244-Mu, a copy of the Judgment is attached as GE B. The United States Court of Appeals for the Fourth Circuit affirmed on appeal, <u>United States v. Falice</u>, 18 Fed. Appx. 210, 2001 WL 1082447 (4th Cir. 2001)(unpub.), a copy of which is attached as GE C. Defendant Falice is listed as the "filer" and purports to be the "Secured Party" or "Lien-Claimant" in the False UCC Financing Statement (GE A), which purports to create $4,000,000.00 liability in each "Lien-Debtor" and a total of $42,000,000,000.00 in liability against federal judicial and executive branch officials of the Government of the United States of America.

5. Defendant Willie L. Covington is the Durham County Register of Deeds, and was the Register of Deeds for Durham County at the time Defendant filed or caused to be filed the False UCC Financing Statement. Register of Deeds Covington is named only in his official capacity as Register of Deeds for Durham County, and his inclusion in this lawsuit is necessary to allow the Court to order the False UCC Financing Statement to be expunged from the records of the Register of Deeds, Durham County. Defendant Covington was not involved in any of the fraudulent actions of Defendant Reginald Anthony Falice.

3

## Facts

6. On July 25, 2000, Chief United States District Judge Graham C. Mullen entered a Judgment in a Criminal Case in the case of <u>United States v. Reginald Anthony Falice</u>, Case No. 3:98CR244-Mu (W.D.N.C.), sentencing Defendant Falice to life imprisonment based upon his convictions of interstate domestic violence resulting in bodily injury and death, in violation of 18 U.S.C. §§ 2261(a), 2261(b) and 2266, and using or carrying a firearm during and in relation to murder, in violation of 18 U.S.C. §§ 924(c)(1), 924(j), and 1111. Government Exhibit B, <u>United States v. Reginald Anthony Falice</u>, Case No. 3:98CR244-Mu (W.D.N.C.).

7. The Fourth Circuit affirmed the Judgment of the United States District Court for the Western District of North Carolina, on appeal. <u>United States v. Falice</u>, 18 Fed. Appx. 210, 2001 WL 1082447 (4th Cir. 2001)(unpub.)(copy of which is attached as GE C).

8. Following conviction, while incarcerated, Defendant Falice filed, according to the United States Court of Appeals for the District of Columbia, at least three civil actions or appeals that were frivolous, malicious, or failed to state a claim. As the court explained:

> FURTHER ORDERED, on the court's own motion, that appellant's in forma pauperis status be revoked. <u>See</u> 28 U.S.C. § 1915(g). While incarcerated, appellant has brought at least three civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. <u>See, e.g.</u>, <u>Falice v. Smith</u>, No. 03-CV-155 (E.D. Va. Aug. 13, 2003) (dismissing complaint as frivolous); <u>Falice v. Mullen</u>, No. 01-CV-455 (W.D.N.C. Aug. 23, 2001) (dismissing complaint for failure to state a claim, noting that prior suit had been dismissed as frivolous, and imposing sanctions for "continued conduct of filing baseless, seemingly malicious lawsuits"); <u>Falice v. Walker</u>, No. 00-CV-619 (W.D.N.C. Jan. 8, 2001) (dismissing complaint for failure to state a claim). As appellant does not allege that he is in imminent danger of serious physical injury, he is not entitled to proceed in forma pauperis.

<u>Falice v. Mullen</u>, 2004 WL 1249140, *1 (D.C. Cir. 2004), a copy of which is attached as GE D.

9. On January 6, 2004, the United States District Court for the Western District of

Virginia enjoined Defendant Falice from filing "any financing statement or any other type of lien with the Virginia State Corporation commission or any other public agency" without prior approval of that Court. A copy of the injunction is attached as GE E.

10. During July 2004, Reginald Anthony Falice prepared, executed, and caused a UCC Financing Statement to be filed in the office of the Register of Deeds, Durham County, North Carolina, which was recorded in Book 4474 on pages 272-292, and labeled Instrument # 2004037694, (hereinafter "False UCC Financing Statement"), a copy of which is attached as GE A.

11. An examination of the False UCC Financing Statement reveals that it was filed against the prosecutors, judges, and other federal officials involved in his trial, appeal, and incarceration.

12. Defendant Falice was prosecuted by the United States Attorney's Office for the Western District of North Carolina. Defendant Falice lists United States Attorney Mark Calloway, United States Attorney Robert Conrad, Assistant United States Attorney (AUSA) Brian Whisler, and other officials and employees of the U.S. Department of Justice involved in Defendant Falice's prosecution. See GE A. All actions that United States Attorney Mark Calloway, United States Attorney Robert Conrad, Assistant United States Attorney (AUSA) Brian Whisler, and other officials and employees of the U.S. Department of Justice took with regard to Defendant Falice were actions within the scope of their federal duties and in the performance of their federal duties and they were not indebted to Defendant Falice.

13. In his false UCC Financing Statement, Defendant Falice asserts a lien of $4,000,000.00 against over twenty-five federal judiciary officials and employees who were

5

involved in cases and appeals involving Defendant Falice, including the following:

| Name | Federal Position |
|------|------------------|
| Candace Cochran | Clerk's Office, Dist. Ct., WDNC |
| Betsy Wallace | Clerk's Office, Dist. Ct., WDNC |
| Beth Mitchell | Clerk's Office, Dist. Ct., WDNC |
| Judge Robert Potter | District Judge, WDNC |
| John Corcoran | Clerk, Dist. Ct., WDVA |
| Judge Samuel Wilson | District Judge, WDVA |
| Judge Richard Voorhees | District Judge, WDNC |
| Pamela Stump | Clerk's Office, 4th Cir. |
| Samreen Ahsan | former employee, Clerk's Office, 4th Cir. |
| Mark Langer | Clerk, DC Circuit |
| Elizabeth Paret | Clerk, Dist. Ct., EDVA |
| Patricia Connor | Clerk, 4th Cir. |
| Judge Karen Williams | Judge, 4th Cir. |
| Judge Robert King | Judge, 4th Cir. |
| Judge Clyde Hamilton | Judge, 4th Cir. |
| Leonidas Mecham | Director, Administrative Office of the U.S. Courts |
| Judge Glen Conrad | District Judge, WDVA |
| Frank Johns | Clerk, Dist. Ct., WDNC |
| William Suter | Clerk, U.S. Sup. Ct. |
| Judge Carl Horn | Magistrate Judge, WDNC |
| Lisa Jernigan | Clerk's Office, 4th Cir. |
| Judge Rebecca Smith | District Judge, EDVA |
| Judge Graham Mullen | District Judge, WDNC |
| Sharon Wiley | Clerk's Office, 4th Cir. |
| Judge Glen Williams | Senior District Judge, WDVA |

During the time of Defendant Falice's prosecution, appeal, and other litigation, all actions taken with regard to Defendant Falice, by the aforementioned federal judges, officials, and employees, were within the scope of their federal duties and in the furtherance of their performance of federal duties, and they were not and never have been indebted to Defendant Falice.

14. Defendant Falice also names numerous Bureau of Prisons (BOP) employees from USP Lee, where he is currently incarcerated, as well as numerous other federal government officials. See GE A. All actions that the BOP and other government officials took with regard to

6

Defendant Falice were actions within the scope of their federal duties and in the performance of their federal duties and they were not and never were indebted to Defendant Falice.

15. The False UCC Financing Statement (GE A) lists "Reginald Anthony Falice" as the filer. The False UCC Financing Statement purports to create "a minimum $4,000,000.00" lien against checking accounts, savings accounts, stocks, bonds, mutual funds, wages, pensions, securities, salaries, and many other categories of property. The False UCC Financing Statement is without legal or factual merit and was prepared and filed for the purpose of harassing and intimidating federal government employees and officials.

16. On or about July 20, 2004, Defendant Falice caused the False UCC Financing Statement (GE A) to be filed in the office of the Register of Deeds, Durham County, on July 20, 2004, recorded in Book 4474 on pages 272-292, and labeled Instrument # 2004037694. Defendant Falice filed the aforementioned False UCC Financing Statement for the purpose of harassing and annoying Government officials responsible for the administration of justice.

17. The United States of America and its aforementioned officials do not owe any financial obligation to the Defendant. The False UCC Financing Statement attached as GE A is invalid and fraudulent; it is not executed in accordance with the UCC or law; and it is not signed by the party to be charged with the debt.

18. The United States, its aforementioned officials or employees, individually and collectively, have never consented to the encumbering of their properties by the Defendant, and are not now, nor have they ever been, indebted to the Defendant.

19. Defendant intended, knew or reasonably should have known when preparing, executing and/or filing the False UCC Financing Statement that it would be filed or caused to be

7

filed in the Clerk's Office or Register of Deeds Office. Defendant filed or caused to be filed the False UCC Financing Statement in retaliation for acts performed by the aforementioned federal officials under their authority as United States agents, officers and employees charged with the investigation, enforcement and adjudication of Federal criminal statutes.

20. The filing of the False UCC Financing Statement was specifically calculated to interfere with the operations of United States Courts and the United States Department of Justice, and the enforcement of the laws of the United States, and to interrupt, hinder, harass, or impede agents, officers and employees of the United States in the discharge of their official duties.

21. The False UCC Financing Statement clouds title, may cloud title, or purports to cloud title, to the properties of the purported debtors listed on GE A, and thereby imposes irreparable harm upon them.

22. The False UCC Financing Statement is without legal basis and is used to harass federal officials in their persons and estates from the performance of their official duties. "Every court to consider the validity of such documents has held them invalid." United States v. Barker, 19 F. Supp. 2d (S.D. Ga. 1998). Such documents cause irreparable injury to Plaintiff United States by impeding, obstructing, and impairing the execution of official duties of its officers, agents, and employees.

## Count I - Declaratory Judgment

23. Paragraphs 1 through 22 of this Complaint are incorporated herein by reference as if fully set forth.

24. The Declaratory Judgments Act, 28 U.S.C. §§ 2201-02, provides that the court may declare the rights and other legal relations of interested parties, and may grant further necessary

8

or proper relief based on such declaration.

25. Based on the foregoing, the United States requests that the Court enter judgment declaring that the False UCC Financing Statement (GE A) and any and all related documents filed or caused to be filed by Defendant, with the Durham County Register of Deeds against all past, present and former federal officials be declared null, void and without legal effect. Defendant Falice knew or reasonably should have known when preparing, executing and/or filing the False UCC Financing Statement that it would be filed or caused to be filed, in the Office or Register of Deeds Office. Defendant Falice filed the False UCC Financing Statement in retaliation for acts performed by the aforementioned federal officials under their authority as United States agents, officers and employees charged with the investigation, enforcement and adjudication of Federal criminal statutes. The filing of the False UCC Financing Statement was specifically calculated to interfere with the operations of United States Courts, the United States Department of Justice, and the enforcement of the laws of the United States, and to interrupt, hinder, harass, or impede agents, officers and employees of the United States in the discharge of their official duties.

## Count II - Injunction

26. Paragraphs 1 through 25 of this Complaint are incorporated herein by reference as if fully set forth.

27. The All Writs Act, 28 U.S.C. § 1651 grants the Federal Courts authority to issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law.

28. The United States requests that the Court order:

9

a.   that Defendant be ordered to immediately remove or cause to remove the False UCC Financing Statement (GE A) and any and all related or associated documents filed with the Durham County Register of Deeds, or anywhere else such liens have been filed;

b.   that the Court direct Defendant Willie L. Covington, in his capacity as Durham County Register of Deeds, to expunge from the records maintained in the office of the Durham County Register of Deeds, the False UCC Financing Statement to include any related or associated documents purporting to create liens filed by Defendant Falice against federal officials or employees;

c.   that this Court permanently enjoin Defendant Falice from entering, filing or attempting to file, without prior judicial approval, any UCC Financing Statement or other type of purported lien or document purporting to create a fictitious financial obligation against the United States or its agents, officers, employees, or former employees of the United States, and from otherwise attempting to interrupt, hinder or impede agents, officers, employees of the United States in the performance of their official duties; and

d.   enjoin North Carolina Clerks of Court and Register of Deeds from accepting for filing documents purporting to establish liens filed by Defendant Falice against the aforementioned federal officials and other federal officials and if such documents are filed and it is brought to the attention of the filing official, that steps be taken immediately to expunge such documents from the record.

## **Claim for Relief**

WHEREFORE, the United States seeks the following relief:

a.      that the Court enter judgment declaring that the False UCC Financing Statement

10

(GE A), to include any related or associated documents filed by Defendant Falice purporting to create liens in any and all present and former federal officials be declared false, fraudulent, and prepared and filed solely for the purpose of harassing and annoying those persons who were responsible for administering justice;

b.　　　that Defendant Falice be declared to have engaged in misconduct prejudicial to the administration of justice;

c.　　　that Defendant Falice be ordered to immediately remove or cause to be removed the False UCC Financing Statement, and other related or associated documents, such liens filed with the Durham County Register of Deeds, or anywhere else such liens have been filed;

d.　　　that the Court direct Defendant Willie L. Covington, in his capacity as Durham County Register of Deeds, to discharge and expunge from the records maintained in the office of the Durham County Register of Deeds, the False UCC Financing Statement and any related or associated documents filed by Defendant Falice against federal officials or employees;

e.　　　that this Court permanently enjoin Defendant Falice from entering, filing or attempting to file any False UCC Financing Statement, "UCC" or other type of purported lien against the United States or its agents, officers, employees, or former employees of the United States, and from otherwise attempting to interrupt, hinder or impede agents, officers, employees of the United States in the performance of their official duties in any register of deeds office, any clerk of court's office, or any federal clerk of court's office, without express permission of this Court;

f.　　　that this court enjoin federal and North Carolina Clerks of Court and Register of Deeds from accepting for filing documents prepared by Defendant Reginald Falice against

11

federal officials and if such documents are filed and it is brought to the attention of the filing official, that steps be taken immediately to expunge such documents from the record;

g.    that the United States be granted its costs incurred in the commencement and prosecution of this action including reasonable attorney fees;

h.    that the Court direct that the Clerk of Court send a copy of the Judgment to the Bureau of Prisons and USP Lee for consideration of revocation of Defendant's visitation, and any and all other privileges (e.g., telephone, television, mail, or radio privileges), and to consider whether further disciplinary action should be taken regarding custody designation and other circumstances affecting the terms of Defendant Falice's imprisonment based upon this Court's finding that Defendant Falice has engaged in serious misconduct prejudicing and interfering with the administration of justice, and

i.    that the Court provide any other relief the Court should determine to be fair and equitable so as to prevent Defendant Falice from further harassing federal executive and judicial branch personnel.

This 27th day of September, 2004.

Respectfully submitted,

ANNA MILLS WAGONER
UNITED STATES ATTORNEY

Gill P. Beck
Assistant United States Attorney
NCSB # 13175
P.O. Box 1858
Greensboro, NC  27402
Telephone: (336) 333-5351

12

ATTACHMENT/EXHIBIT_____

09/08/04 WED 13:58 FAX 540 857 2814    US ATTY WDVA     ☒005

4TH CIRCUIT CLK

USDC ADMIN

PAGE 05/25

09/08/04 10:49 FAX
09/03/2004 15:07   7572227229

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

2004037694

FOR REGISTRATION REGISTER OF DEEDS
Willie L. Covington
DURHAM COUNTY NC
2004 JUL 20 08:32:25 AM
BK:4474 PG:272-292 FEE:\$65.00

INSTRUMENT # 2004037694

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

Reginald Anthony Falica

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
Reginald Anthony Falica
P.O. Box 305
Jonesville, Virginia near [24263]
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| Clemmons | Jeff | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 5011 McCormick Rd | Durham | NC | 27713 | |
| 1d. TAX ID # | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| Rose | Terry | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 212 Bridge Street | Smithfield | NC | 27577 | |
| 2d. TAX ID # | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| Falica | Reginald | Anthony | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| P.O. Box 305 | Jonesville | VA | 24263 | |

4. This FINANCING STATEMENT covers the following collateral:

The cited Lien-Debtors are being liened for a minimum of \$4,000,000.00 by each to the Lien-Claimant (i.e. Secured Party) for agreed amount of \$42,000,000,000.00. Notice is hereby given that Lien-Debtor(s) has one or more of the following assets or valuable Properties and have become a part of and subject to a **COMMERCIAL LIEN**, TO WIT:

| | | | |
|---|---|---|---|
| (X) CHECKING ACCOUNTS | (X) MUTUAL FUNDS | (X) JEWELS | (X) PENSIONS |
| (X) SAVINGS ACCOUNTS | (X) ESCROW ACCOUNTS | (X) JEWELRY | (X) SECURITIES |
| (X) SAFETY DEPOSITS | (X) CASH | (X) FIREARMS | (X) FUTURE MARKETS |
| (X) STOCKS/BONDS | (X) PRECIOUS | (X) FURS | (X) REMUNERATION |
| (X) COLLECTABLES | (X) GOLD | (X) COMMISSIONS | (X) SALARIES |
| (X) MOTOR VEHICLES | (X) WAGES | (X) OPTIONS | (X) cont. (2) |

| 5. ALTERNATIVE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

GOVERNMENT
EXHIBIT

A

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME -

| | | | |
|---|---|---|---|
| Cochran | Candace | | |
| 401 W. Trade St. | Charlotte | NC | 28202 |
| Wallace | Batsy | | |
| 401 W. Trade St. | Charlotte | NC | 28202 |
| Mcknight | E. | | |
| 401 W. Trade St. | Charlotte | NC | 28202 |
| Wiley | Sharon | | |
| 1100 E. Main St. 501 | Richmond | VA | 23219 |
| Calkins | S. | | |
| 227 W. Trade St. 1700 | Charlotte | NC | 28202 |
| Moore | E. | | |
| 75 Spring St. SW | Atlanta | GA | 30303 |
| Mendez | Jake | | |
| P.O. Box 3500 | White Deer | PA | 17887 |
| Scott | W. | | |
| 601 McDonough Blvd., SE | Atlanta | GA | 30315 |
| Adams | Mike | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| Romine | Donald | | |
| P.O. Box 1000 | Lewisburg | PA | 17887 |
| Oddo | L. | | |
| P.O. Box 3000 | White Deer | PA | 17887 |

(2)

11.   ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME –

      Roff                        David

      P.O. Box 900                Jonesville          VA    24263


      Boggs                       Jessie

      P.O. Box 900                Jonesville          VA    24263


      Hatfield                    Joyce

      P.O. Box 900                Jonesville          VA    24263


      Torres                      Hector

      P.O. Box 900                Jonesville          VA    24263


      Lane                        D.

      P.O. Box 900                Jonesville          VA    24263


      Mitchell                    Beth

      401 W. Trade St.  204       Charlotte           NC    28202


      Potter                      Robert

      401 W. Trade St.            Charlotte           NC    28202


      Lawson                      Jean

      401 W. Trade St.            Charlotte           NC    28202


      Rauscher                    Claire

      435 E. Morehead St.         Charlotte           NC    28202


      Walker                      Thomas

      401 W. Trade St.            Charlotte           NC    28202


      Conrad                      Robert

      401 W. Trade St.            Charlotte           NC    28202

                           (2)

11.    ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME –

George                          Larry

P.O. Box 900                    Jonesville              VA    24263


Cooper                          Greg

P.O. Box 900                    Jonesville              VA    24263


Tracs                           T.

P.O. Box 900                    Jonesville              VA    24263


Thurman                         Elizabeth

320 First St.  NW               Washington              DC    20593


Qualls                          Richard

P.O. Box 900                    Jonesville              VA    24263


Hawkins                         Robin

P.O. Box 900                    Jonesville              VA    24263


Firt                            Jackie

P.O. Box 900                    Jonesville              VA    24263


Bondurant                       G.

P.O. Box 900                    Jonesville              VA    24263


Strickland                      C

P.O. Box 900                    Jonesville              VA    24263


Hobbs                           Karen

P.O. Box 900                    Jonesville              VA    24263


Young                           Lorraina

P.O. Box 900                    Jonesville              VA    24263

(2)

11.   ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME —

Mansour                         Hikmat

P.O. Box 900                    Jonesville          VA    24263


Kendall                         Dawn

600 Granby St.                  Norfolk             VA    23510


Compton                         B.

P.O. Box 900                    Jonesville          VA    24263


Bloom                           Lawrence

515 Fifth St.  NW  Bldg. A.     Washington          DC    20001


McClain                         Mike

P.O. Box 900                    Jonesville          VA    24263


Jones                           Jessica

P.O. Box 900                    Jonesville          VA    24263


Hardin                          T.

P.O. Box 900                    Jonesville          VA    24263


Mollica                         Noel

P.O. Box 900                    Jonesville          VA    24263


Thompson                        Derrick

P.O. Box 900                    Jonesville          VA    24263


Corcoran                        John

P.O. Box 1234                   Roanoke             VA    24006


Wilson                          Samuel

210 Franklin Rd.  SW            Roanoke             VA    24011

                            (2)

11.    ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME –

    Fulton                          Shirley

    700 E. 4th St.                  Charlotte          NC    28202


    Campbell                        Dawn

    P.O. Box 900                    Jonesville         VA    24263


    Thurman                         Elizabeth

    320 First St.  NW               Washington         DC    20593


    Sadowski                        Henry

    2nd/Chestnut Sts.  7th Flr.     Philadelphia       PA    19106


    Romine                          Donald

    P.O. Box 1000                   Lewisburg          PA    17887


    Mendez                          Jake

    P.O. Box 3500                   White Deer         PA    17887


    Adams                           Mike

    P.O. Box 900                    Jonesville         VA    24263


    Whisler                         Brian

    227 W. Trade St.  1700          Charlotte          NC    28202


    Voorhees                        Richard

    200 W. Broad St.                Statesville        NC    28677


    Seump                           Pamela

    1100 E. Main St.  501           Richmond           VA    23219


    Ahsan                           Sabreen

    1100 E. Main St.  501           Richmond           VA    23219

(2)

11.    ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME –

Kelson                          John
935 Pennsylvania Ave.   NW      Washington          DC    20535

Moran                           Robert
935 Pennsylvania Ave.   NW      Washington          DC    20535

Milkman                         Louise
P.O. Box 4390                   Washington          DC    20044

Cathcart                        Wynne
P.O. Box 4390                   Washington          DC    20044

O'Brien                         Eileen
P.O. Box 4390                   Washington          DC    20044

McIntyre                        Thomas
1307 New Your, Ave.   NW        Washington          DC    20530

Griffin                         James
224 South Dawson St.            Raleigh             NC    27611

Urbina                          Ricardo
333 constitucion Ave.   NW      Washington          DC    20001

Wade                            James
100 Chestnut  St.   306         Harrisburg          PA    17101

Silva                           Sydney
401 W. Trade St.                Charlotte           NC    28202

Langer                          Mark
333 constitution Ave.  NW       Washington          DC    20001

                          (2) ·

11.  ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME -

   Mitchell                        Beth

   401 W. Trade St.                Charlotte        NC    28202


   Wallace                         Betsy

   401 W. Trade St.                Charlotte        NC    28202


   Faret                           Elizabeth

   600 Granby St.                  Norfolk          VA    23510


   Skinner                         Kenneth

   P.O. Box 1620                   Carrollton       GA    30112


   William                         Duffy

   75 Spring St.  SW               Atlanta          GA    30303


   Briscoe                         Deborah     Marie

   950 Pennsylvania Ave.  NW       Washington       DC    20530


   Wong                            Annie

   950 Pennsylvania Ave,  NW       Washington       DC    20530


   Lyon                            Robert

   950 Pennsylvania Ave.  NW       Washington       DC    20530


   Coleman                         Jennifer

   P.O. Box 25004 .                Raleigh          NC    27611


   O'Rourke                        Marie

   600 E. St.  NW . 7300           Washington       DC    20530


   Little                          Suzanne

   600 E. St.  NW  7300            Washington       DC    20530

                                (2)      72.

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME -

| | | | |
|---|---|---|---|
| Conner | Patricia | | |
| 1100 E. Main St. 501 | Richmond | VA | 23219 |
| | | | |
| Moore | Thomas | | |
| P.O. Box 629 | Raleigh | NC | 27602 |
| | | | |
| Cooper | Roy | | |
| P.O. Box 629 | Raleigh | NC | 27602 |
| | | | |
| Gordon | Neil | | |
| 910 17th St., NW 7th Flr | Washington | DC | 20006 |
| | | | |
| Lewis | Charles | | |
| 910 17th St., NW 7th Flr | Washington | DC | 20006 |
| | | | |
| Rush | Meleah | | |
| 910 17th St., NW 7th Flr | Washington | DC | 20006 |
| | | | |
| Schecter | Barbara | | |
| 910 17th St., NW 7th Flr | Washington | DC | 20006 |
| | | | |
| Williams | Karen | | |
| 1100 E. Main St. 501 | Richmond | VA | 23219 |
| | | | |
| King | Robert | | |
| 1100 E. Main St. 501 | Richmond | VA | 23219 |
| | | | |
| Hamilton | Clyde | | |
| 1100 E. Main St. 501 | Richmond | VA | 23219 |
| | | | |
| Marshall | Elaine | | |
| P.O. Box 29622 | Raleigh | NC | 27626 |

(2)

11.  ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME –

Hatch                          Orin

131 Russell Senate Office Bldg.    Washington       DC    20510


Mecham                         Leonidas

1 Columbus Circle              Washington       DC    20544


Conrad                         Glen

210 Franklin Rd., SW           Roanoke          VA    24011


Wilson                         Hazel

811 E. City Hall               Norfolk          VA    23510


Taich.                         Albert

811 E. City Hall               Norfolk          VA    23510


Sullivan                       James

227 W. Trade St.               Charlotte        NC    28202


Lewis                          Patrice

200 W. Broad St.               Statesville      NC    28677


Leitner                        Terry

200 W. Broad St.               Statesville      NC    28677


Johns                          Frank

200 W. Broad St.               Statesville      NC    28677


Curran                         Martha

700 E. 4th St.                 Charlotte        NC    28202

Suter                          William

One First St.  NE              Washington       DC    20543

(2)

11.   ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME ~

Calloway                        Mark

200 West Trade St.   1700       Charlotte              NC    28202


Horn                            Carl

401 West Trade St.              Charlotte              NC    28202


Bakewell                        Carolin

208 Fayetteville Street Mall    Raleigh                NC    27611


Simeon                          Fern

208 Fayetteville Street Mall    Raleigh                NC    27611


Dorsett                         James

208 Fayetteville Street Mall    Raleigh                NC    27611


Lawson                          Stacy

1100 East Main St.   501        Richmond               VA    23219


Jernigan                        Lisa

1100 East Main St.   501        Richmond               VA    23219


Fannell                         Charles

75 Spring St.  SW               Atlanta                GA    30303


Black                           Miriam

700 East 4th St.                Charlotte              NC    28202


Smith                           Rebbecca

600 Granby St.                  Norfolk                VA    23510


Ward                            Valarie

600 Granby St.                  Norfolk                VA    23510

                        (2)

11.    ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME –

| | | |
|---|---|---|
| Sisk | Avril | |
| 700 E. 4th St. | Charlotte | NC 28202 |
| Dixon | Mary | Alice |
| P.O. Box 473152 | Charlotte | NC 28247 |
| Lucey | Richard | |
| 1123 S. Church St. | Charlotte | NC 28203 |
| Evans | Yvonne | |
| 700 E. 4th St. | Charlotte | NC 28202 |
| Lail | Rick | |
| 725 E. Trade St. | Charlotte | NC 28202 |
| Mullen | Graham | |
| 401 W. Trade St. | Charlotte | NC 28202 |
| Dunne | John | |
| 312 W. Trade St. | Charlotte | NC 28202 |
| Underwood | Ronald | |
| 312 W. Trade St. | Charlotte | NC 28202 |
| Clapp | Jane | |
| 3222 Springs Farm Lane | Charlotte | NC 28226 |
| Walker | Linda | |
| 75 Spring St. SW | Atlanta | GA 30303 |
| Templeton | Franklin | Scott |
| P.O. Box 29622 | Raleigh | NC 27626 |

(2)

11.   ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME -

| | | | |
|---|---|---|---|
| Colever | R. | | |
| P.O. Box 3000 | White Deer | PA | 17887 |
| Marlack | R. | | |
| P.O. Box 3000 | White Deer | PA | 17887 |
| Fromm | Jeffrey | | |
| P.O. Box 3500 | White Deer | PA | 17887 |
| Brownlee | John | | |
| P.O. Box 1709 | Roanoke | VA | 24008 |
| Eckert | Thomas | | |
| P.O. Box 1709 | Roanoke | VA | 24008 |
| Gronquist | James | | |
| 101 North McDowell St. 200 | Charlotte | NC | 28204 |
| Husaby | Scott. | | |
| 401 West Trade St. | Charlotte | NC | 28202 |
| Lawson | Stacy | | |
| 1100 East Main St. 501 | Richmond | VA | 23219 |
| Wiley | Sharon | | |
| 1100 East Main St. 501 | Richmond | VA | 23219 |
| Morgan | Charles | Linwood | |
| 101 North McDowell St. 200 | Charlotte | NC | 28204 |
| Moore | Thomas | | |
| P.O. Box 629 | Raleigh | NC | 27602 |

(2)

11.  ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME –

| | | | |
|---|---|---|---|
| Crump | Linda | | |
| P.O. Box 66640 | St. Louis | MO | 63166 |
| | | | |
| Duffey | William | | |
| 75 Spring St.  SW | Atlanta | GA | 30303 |
| | | | |
| Baxter | Lori | | |
| 600 Granby St. | Norfolk | VA | 23510 |
| | | | |
| Powell | R. | David | |
| 75 Spring St.  SW | Atlanta | GA | 30303 |
| | | | |
| Carroll | James | | |
| 600 E. St.  NW  Rm 7300 | Washington | DC | 20530 |
| | | | |
| Gottlaile | D. | | |
| 10010 Junction Dr.  100-N | Annapolis Junction | MD | 20701 |
| | | | |
| Leohane | Thomas | | |
| 3800 Camp Creek Pkwy  SW | Atlanta | GA | 30331 |
| | | | |
| Wong | Annie | | |
| 950 Pennsylvania Ave.  NW r-3335 | Washington | DC | 20530 |
| | | | |
| Kovakas | James | | |
| 950 Pennsylvania Ave.  NW r-3335 | Washington | DC | 20530 |
| | | | |
| Moore | D. | | |
| 601 McDonough Blvd.  SE | Atlanta | GA | 30315 |
| | | | |
| Parson | R. | | |
| 601 McDonough Blvd.  SE | Atlanta | GA | 30315 |

(2)

11.    ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME -

| | | | |
|---|---|---|---|
| Cowin | Brenda | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| Woods | M. | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| Rupert | Dale | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| Cochran | Tom | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| Larson | J. | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| Bonner | W. | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| Middleton | C. | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| Crum | Connie | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| Reed | J. | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| Han | S. | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| Schock | Lori | | |
| 450 Fifth St.  NW | Washington | DC | 20549 |

(2)

11.    ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME -

    Aucker                        D.

    P.O. Box 1000                 Lewisburg                PA    17887


    Hollenbach                    D.

    P.O. Box 1000                 Lewisburg                PA    17887


    Huff                          James

    P.O. Box 900                  Jonesville               VA    24263


    Deluca                        T.

    P.O. Box 900                  Jonesville               VA    24263


    Anderson                      Milan

    P.O. Box 900                  Jonesville               VA    24263


    Bowles                        J.

    P.O. Box 900                  Jonesville               VA    24263


    Johnson                       Bill

    P.O. Box 900                  Jonesville               VA    24263


    Welch                         R.

    P.O. Box 900                  Jonesville               VA    24263


    Geyer                         M.

    P.O. Box 900                  Jonesville               VA    24263


    Mullins                       J.

    P.O. Box 900                  Jonesville               VA    24263


    Hutchins                      S.

    P.O. Box 900                  Jonesville               VA    24263

(2)

09/08/04 WED 14:01 FAX 540 857 2814    US ATTY WDVA      @021
09/08/04 10:51 FAX             4TH CIRCUIT CLK      PAGE 21/25
09/03/2004 15:07    757222722-        USDC ADMIN

11.    ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME –

| | | | |
|---|---|---|---|
| Chambers | W. | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| | | | |
| Brad | D. | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| | | | |
| Shoemaker | B. | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| | | | |
| Maruka | C. | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| | | | |
| Schreiber | M. | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| | | | |
| Brandenburg | R. | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| | | | |
| Grieve | David | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| | | | |
| Story | Bill | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| | | | |
| Story | William | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| | | | |
| Johnson | William | | |
| P.O. Box 900 | Jonesville | VA | 24263 |
| | | | |
| Harris | John | Thadieu | |
| P.O. Box 830 | Wise | VA | 24293 |

(2)

11.   ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME --

Williams                    Glen
P.O. Box 398                Abingdon            VA      24212

Fugate                      J.
P.O. Box 900                Jonesville          VA      24263

Duncan                      D.
P.D. Box 900                Jonesville          VA      24263

Varner                      Patrick
P.O. Box 900                Jonesville          VA      24263

Laster                      B.
P.O. Box 900                Jonesville          VA      24263

Smith                       R.
P.O. Box 900                Jonesville          VA      24263

Priss                       G.
P.O. Box 900                Jonesville          VA      24263

Gilley                      John
P.O. Box 900                Jonesville          VA      24263

Webb                        John
P.O. Box 900                Jonesville          VA      24263

Pelziar                     D.
P.O. Box 900                Jonesville          VA      24263

Hall                        A.
P.D. Box 900                Jonesville          VA      24263

(2)

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME --

     Dudley                    Julie

     P.O. Box 1709             Roanoke              VA    24008

     Arney                     M.

     P.O. Box 900              Jonesville           VA    24263

     Burchett                  S.

     P.O. Box 900              Jonesville           VA    24263

                                   (2)

16.     ADDITIONAL COLLATERAL DESCRIPTION:

        ★ Social Security Identification Numbers, in whatsoever form, format and
          on whatever medium (i.e. card, plastic, paper, chip, etc.)

(X)     Electronic Chattel Paper — means chattel paper evidenced by a record or records
        consisting of information stored in an electronic medium

(X)     Certificates of title, inventory, Commercial tort claim, Commodity Account,
        Collateral, Farm products, Farming operation, Investment Property, Contract
        for sale, Lease agreement, Lease contract, Leasehold interest, Negotiable
        Instrument, Note, Securities Account and Uncertificated security

(X)     Chattel Paper — this includes, in any and all forms of "Certificate of Birth,"
        "Certificate of Live Birth," "Standard Certificate of Birth," "Notification of
        Birth," "Notification of Registration of Birth," "Certificate of Registration
        of Birth," "Certificate of Birth Registration," or other-wise titled Birth Document
        — whether county, state, federal or other — either ascribed to or derived from
        name of any Debtor or based upon above-described description

        ★ any and all Driver Licenses of Debtors, both Commercial and non-commercial
        ★ Social Security Cards, Social Security Badges

(X)     All Lands, Real Estate, Appurtenances thereto, and ANY and All Rights, Title
        and/or Interest therein, including but not limited to All Water, Timber, Gas
        Oil and/or Mineral Rights and Interest of whatever kind or nature whatsoever

(X)     All movable and/or immovable objects, being mechanical and/or electrical, in
        possession, custody and/or control of the named Lien-Debtor(s)/Defendant(s)

(X)     All PROPERTY of Lien-Debtor(s), Real or personal, Tangible or Intangible,
        compensation of whatever Form and Whatever source, within the possession or
        control of All Lien Debtor(s) and their "ESTATE(S)"

                                    (2)



## WILLIE L. COVINGTON
## REGISTER OF DEEDS, DURHAM COUNTY
## DURHAM COUNTY COURTHOUSE
## 200 E. MAIN STREET
## DURHAM, NC 27701

# PLEASE RETAIN YELLOW TRAILER PAGE

It is part of recorded document, and must be submitted with original for re-recording and/or cancellation.

| | |
|---|---|
| Filed For Registration: | 07/20/2004 09:02:25 AM |
| Book: | RE 4474 Page: 272-292 |
| Document No.: | 2004037694 |
| | UCC 21 PGS $55.00 |
| Recorder: | SHARON M CEARNEL |

State of North Carolina, County of Durham

WILLIE L. COVINGTON , REGISTER OF DEEDS

By: _Sharon M Cearnel_

Deputy/Assistant Register of Deeds

ATTACHMENT/EXHIBIT_____

**FILED**
CHARLOTTE, N.C.

RECEIVED
US MARSHAL

25 JUL 2000 15   50

WESTERN N.C.
CLT-JOHAS CH

UNITED STATES OF AMERICA

v.

REGINALD ANTHONY FALICE
(Name of Defendant)

# United States District Court
### Western District of North Carolina

**JUL 2 5 2000**

U.S. DISTRICT COURT
W. DIST. OF N.C.

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:98cr244-Mu

James Gronquist
Defendant's Attorney

**THE DEFENDANT:**

___   pleaded guilty to count(s) _____
___   pleaded nolo contendere to count(s) _____ which was accepted by the court.
**X**   was found guilty on count(s) 1 & 2 _____ after a plea of not guilty.

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18:2261(a), 2261(b) & 2266 | Interstate Domestic Violence Resulting in Bodily Injury and Death | 4/21/98 | 1 |
| 18:924(c)(1), 924(j) & 1111 | Using or Carrying a Firearm During and in Relation to Murder | 4/21/98 | 2 |

The Defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_ The Defendant has been found not guilty on count(s) _____.

_ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   Redacted

Defendant's Date of Birth:   Redacted

Defendant's USM No.: 13754-058

Defendant's Mailing Address:

   Redacted

Certified to be a true and correct copy of the original.
U.S. District Court
Frank G. Johns, Clerk
Western District of N.C.

By _____
Deputy Clerk
Date: 7-25-00

Date of Imposition of Sentence: 7/25/00

_____
Signature of Judicial Officer

GRAHAM C. MULLEN
Chief U.S. District Court Judge

Date: 25 July 2000

GOVERNMENT EXHIBIT
B

CARDELL 800-783-0399

Defendant: Reginald Anthony Falice                                Judgment-Page 2  of 6
Case Number: 3:98cr244-1-Mu

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of COUNTS 1 & 2: LIFE on each count to run concurrently with each other.

X__  The Court makes the following recommendations to the Bureau of Prisons:
     That the Defendant participate in the Inmate Financial Responsibility Program to pay his restitution.
     That the Defendant be designated as close to Norfolk, Virginia, as possible.
     The Court strongly recommends that the Defendant complete thorough medical and neurological examinations by the BOP and
     receive the appropriate medical treatment while incarcerated.

X__  The Defendant is remanded to the custody of the United States Marshal.

__  . The Defendant shall surrender to the United States Marshal for this District:

     __ at __ a.m. / p.m. on ____.

     __ as notified by the United States Marshal.

__  The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     __ before 2 p.m. on _____.

     __ as notified by the United States Marshal.

     __ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on 8/23/04 to USP Lewisbury at Lewisbury, PA
_____, with a certified copy of this Judgment.

Daniele Ramsey~~~~~~~
United States Marshal

By _____
   Deputy Marshal

Defendant: Reginald Anthony Falice
Case Number: 3:98cr244-1-Mu

Judgment-Page _3_ of _6_

## SUPERVISED RELEASE

Upon release from imprisonment, the Defendant shall be on supervised release for a term of COUNTS 1 & 2: THREE (3) YEARS each count to run concurrently with each other.

___     The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1) The Defendant shall not commit another federal, state, or local crime.
2) The Defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3) The Defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the Probation Officer.
4) The Defendant shall provide access to any personal or business financial information as requested by the probation officer.
5) The Defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6) The Defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7) The Defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8) A Defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9) The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10) The Defendant shall support his or her dependents and meet other family responsibilities.
11) The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12) The Defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13) The Defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14) The Defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(4) or 18:3583(d), respectively.
15) The Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16) The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17) The Defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18) The Defendant shall permit a probation officer to visit him or/her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19) The Defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20) The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21) As directed by the probation officer, the Defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22) If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay restitution, fines or special assessments.

ADDITIONAL CONDITIONS:

Defendant: Reginald Anthony Falice                                    Judgment-Page 4 of 6
Case Number: 3:98cr244-1-Mu

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|------------|------|-------------|
| $200.00    | $    | $8,460.52   |

| RESTITUTION PAYEES | AMOUNT |
|---|---|
| William Croston, III | $4,960.52 |
| North Carolina Victims Compensation Commission | $3,500.00 |
| TOTAL | $8,460.52 |

## FINE

The above fine includes costs of incarceration, if any, and/or supervision.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

_  The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

_  The interest requirement is waived.

_  The interest requirement is modified as follows:

Defendant: Reginald Anthony Falice                           Judgment-Page  5  of  6
Case Number: 3:98cr244-1-Mu

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A .   X_    in full immediately; or

B     ___    $_____   immediately, balance due (in accordance with C or D); or

C     ___    not later than _____; or

D     ___    in *(e.g., equal, weekly, monthly, quarterly)* installments of $_____ over a period of year(s) to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and may request the court to establish a payment schedule if appropriate 18 U.S.C. §3572.

Special instructions regarding the payment of criminal monetary penalties:

_    The defendant shall pay the cost of prosecution.

_    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade St., Rm. 210, Charlotte, NC 28202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court or the probation officer.

This Judgment may contain an order or authorization providing for the Bureau of Prisons or a U.S. Probation Officer to establish an amount or a schedule of payments as to financial obligations imposed in this Judgment. Any such order or permission shall be subject to the ultimate authority of this Court over such a schedule and its implementation. *United States v. Miller,* 77 F.3d 71, 77-78 (4th Cir. 1996).

Defendant: Reginald Anthony Falice                          Judgment-Page _6_ of _6_
Case Number: 3:98cr244-1-Mu

## STATEMENT OF REASONS

___   The court adopts the factual findings and guideline application in the presentence report.
                                    **OR**

_X_   The court adopts the factual findings and guideline application in the presentence report except (see
      attachment, if necessary): Objection 6 is accepted to the extent that paragraph 7 will not be considered for
                                    sentencing purposes.

**Guideline Range Determined by the Court:**

Total Offense Level:  _43_

Criminal History Category:  _III_

Imprisonment Range:  _Life_  to  _Life_

Supervised Release Range:  _3_  to  _5_  years

Fine Range: $ _25,000_  to $  _250,000_

     _X_     Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:          $ _8460.62_

___   Restitution is not ordered because the complication and prolongation of the sentencing process resulting
      from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant
      to 18 U.S.C. § 3663(a)(1)(B)(ii).

___   For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, 113A,
      and 232 of Title 18, restitution is not ordered or nominal restitution is ordered because the economic
      circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not
      allow for the payment of any or some portion of a restitution order in the foreseeable future under any
      reasonable schedule of payments.

___   Restitution is not ordered in an offense against property under Title 18, including any offense committed by
      fraud or deceit, because the number of identifiable victims is so large as to make restitution impracticable, or
      because determining complex issues of fact related to the cause or amount of the victim's losses would
      complicate or prolong the sentencing process to a degree that the requirement to provide restitution to any
      victim is outweighed by the burden on the sentencing process. 18 U.S.C. §3663A(c)(3).

___   Partial restitution is ordered for the following reason(s):

_X_   The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no
      reason to depart from the sentence called for by the application of the guidelines.
                                    **OR**

___   The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the
      following reason(s):
                                    **OR**

___   The sentence departs from the guideline range:

      ___   upon motion of the government, as a result of defendant's substantial assistance.

      ___   for the following specific reason(s):
            The Court departs to Offense Level __ Criminal History Category __

ATTACHMENT/EXHIBIT_____

18 Fed.Appx. 210                                                                      **Page 2**
18 Fed.Appx. 210, 2001 WL 1082447 (4th Cir.(N.C.))
(Cite as: 18 Fed.Appx. 210, 2001 WL 1082447 (4th Cir.(N.C.)))
**H**

Briefs and Other Related Documents

This case was not selected for publication in the
Federal Reporter.

UNPUBLISHED

Please use FIND to look at the applicable circuit
court rule before citing this opinion. Fourth Circuit
Rule 36(c). (FIND CTA4 Rule 36(c).)

United States Court of Appeals,
Fourth Circuit.

UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald Anthony FALICE, Defendant-Appellant.

No. 00-4559.

Submitted Aug. 31, 2001.
Decided Sept. 17, 2001.

Defendant was convicted, after a jury trial in the
United States District Court for the Western District
of North Carolina, Graham C. Mullen, Chief Judge,
of interstate domestic violence resulting in bodily
injury and death, and using or carrying a firearm
during and in relation to murder. Defendant appealed.
The Court of Appeals held that trial judge's allegedly
prejudicial remark to jury, that defendant's attorneys
were court-appointed, was not reversible error.

Affirmed.

West Headnotes

Criminal Law ⬅︎1166.22(2)
110k1166.22(2)

Trial judge's allegedly prejudicial remark to jury, that
defendant's attorneys were court-appointed, was not
reversible error, in prosecution for interstate domestic
violence resulting in bodily injury and death, and
using or carrying a firearm during and in relation to
murder.
*210 Appeal from the United States District Court
for the Western District of North Carolina, at
Charlotte. Graham C. Mullen, Chief District Judge.
(CR-98-244).

Charles L. Morgan, Jr., Charlotte, NC, for appellant.

Brian Lee Whisler, Office of the United States
Attorney, Charlotte, NC, for appellee.

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

OPINION

PER CURIAM.

**\*1** Reginald Anthony Falice seeks to appeal his
conviction on one count of interstate domestic
violence resulting in bodily injury and death, in
violation of 18 U.S.C.A. §§ 2261(a), 2261(b), 2266
(West Supp.2000), and one count of using or carrying
a firearm during and in relation to murder, in
violation of 18 U.S.C.A. §§ 924(c)(1), 924(j), 1111
(West Supp.2000). Falice was convicted after a jury
trial and sentenced to life incarceration and thirty-six
months of supervised release for each count, to run
concurrently. Falice's counsel has filed opening and
supplemental briefs in accordance with *Anders v.
California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967), raising several issues.

First, Falice asserts he received ineffective assistance
of counsel. The record does not conclusively reveal
ineffective assistance of counsel. Consequently, this
\*211 claim cannot be raised on direct appeal. *United
States v. King,* 119 F.3d 290, 295 (4th Cir.1997).

Second, Falice asserts the trial court violated federal
law in discussing legal matters with trial counsel
outside the presence of the jury. No objection was
lodged to these discussions. Our review of the
transcript reveals that these discussions were not
reversible error. Consequently, this claim is without
merit. *Cf. United States v. Howard,* 115 F.3d 1151,
1156 (4th Cir.1997); *United States v. Brewer,* 1 F.3d
1430, 1434-35 (4th Cir.1993).

Third, Falice asserts his jury and judge were not
impartial. He offers no facts in support of this claim,
and our review of the record suggests no impropriety.
This claim is without merit. 28 U.S.C. §§ 144, 455,
and 1867 (1994).

Fourth, Falice asserts the trial judge made a
prejudicial remark to the jury when it stated that his
attorneys were court-appointed. The judge's remark
was not reversible error. Consequently, this claim is
without merit. *Cf. Howard,* 115 F.3d at 1156;

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



GOVERNMENT
EXHIBIT

C

*Brewer,* 1 F.3d at 1434-35.

Fifth, Falice asserts the jury instructions regarding voluntary man-slaughter were improper. However, the jury instructions conformed to the applicable law. Consequently, this claim is without merit. *United States v. Lewis,* 53 F.3d 29, 34-35 (4th Cir.1995).

Sixth, Falice asserts in conclusory terms that the trial court violated common law to the detriment of Falice's due process rights. Nothing in the record reveals the district court violated Falice's due process rights. Consequently, this claim is without merit.

In accordance with *Anders,* we have reviewed the entire record in this case and find no other meritorious issues for appeal. We therefore affirm Falice's conviction and sentence. We deny Falice's counsel's motion to withdraw at this juncture. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

**2 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED.*

18 Fed.Appx. 210, 2001 WL 1082447 (4th Cir.(N.C.))

Briefs and Other Related Documents (Back to top)

. 2001 WL 34108839 (Appellate Brief) Opening Brief of Appellant (Jan. 19, 2001)

.                     00-4559                     Docket) (Aug. 08, 2000)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

ATTACHMENT/EXHIBIT_____

**H**

Only the Westlaw citation is currently available.

United States Court of Appeals, District of
Columbia Circuit.

**Reginald Anthony FALICE, Appellant**
v.
Graham MULLEN, et al., Appellees

No. 03-7085.

June 7, 2004.

Reginald Anthony Falice, United States
Penitentiary, Jonesville, VA, pro se.

BEFORE: GINSBURG, Chief Judge, and
SENTELLE and RANDOLPH, Circuit Judges.

*ORDER*

PER CURIAM.

*1 Upon consideration of appellant's brief, the
court's order to show cause filed March 5, 2004, the
response thereto, and the supplement to the
response, it is

ORDERED that the order to show cause be
discharged. It is

FURTHER ORDERED, on the court's own
motion, that appellant's *in forma pauperis* status be
revoked. *See* 28 U.S.C. § 1915(g). While
incarcerated, appellant has brought at least three
civil actions or appeals that were dismissed on the
grounds that they were frivolous, malicious, or
failed to state a claim. *See, e.g., Falice v. Smith,*

No. 03-CV-155 (E.D.Va. Aug. 13, 2003)
(dismissing complaint as frivolous); *Falice v.
Mullen,* No. 01-CV-455 (W.D.N.C. Aug. 23, 2001)
(dismissing complaint for failure to state a claim,
noting that prior suit had been dismissed as
frivolous, and imposing sanctions for "continued
conduct of filing baseless, seemingly malicious
lawsuits"); *Falice v. Walker,* No. 00-CV-619
(W.D.N.C. Jan. 8, 2001) (dismissing complaint for
failure to state a claim). As appellant does not allege
that he is in imminent danger of serious physical
injury, he is not entitled to proceed *in forma
pauperis.* It is

FURTHER ORDERED that appellant pay the $105
filing and docketing fee to the district court within
30 days of the date of this order. Failure to pay the
fee will result in dismissal of the appeal for lack of
prosecution. *See* D.C.Cir. Rule 38. It is

FURTHER ORDERED that consideration of
appellant's brief be deferred pending further order
of the court.

Should appellant, while a prisoner, file an appeal in
a civil action in the future, the Clerk is directed to
order appellant to show cause why he should not be
required to pay the full filing fee pursuant to 28
U.S.C. § 1915(g).

The Clerk is directed to send a copy of this order to
appellant by whatever means necessary to ensure
receipt.

2004 WL 1249140 (D.C.Cir.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.





CLERK'S OFFICE U.S. DIST.
AT ABINGDON, VA.
FILED

JAN - 6 2003

JOHN F. CORCORAN, CL
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff; | : | |
| | : | |
| v. | : | Civil No. 2:03CV00157 |
| | : | |
| LORENZO GRODE MARTIN AND | : | |
| REGINALD ANTHONY FALICE | : | |
| Defendants. | : | |

### PRELIMINARY INJUNCTION

For the reasons stated the plaintiff's Memorandum of Law in support of its Motion for A

Preliminary Injunction, it is hereby

ORDERED

that the defendants, Lorenzo Grode Martin and Reginald Anthony Falice, are individually

preliminarily enjoined, without prior approval of this court, from preparing, filing or aiding and

assisting any other person or persons to prepare or file any financing statement or any other type of

lien with the Virginia State Corporation Commission or any other public agency.

It is further

ORDERED

that the U.S. Marshal for this district shall cause a certified copy of this preliminary injunction to be

personally and individually served on Lorenzo Grode Martin and Reginald Anthony Falice.

ENTERED this 6th day of January, 2004.

_____

SENIOR UNITED STATES DISTRICT JUDGE

A TRUE COPY, TESTE:
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

GOVERNMENT
EXHIBIT
E